275 So.2d 307 (1973)
Harold M. TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 72-261.
District Court of Appeal of Florida, Fourth District.
March 28, 1973.
Richard L. Jorandby, Public Defender, Bruce J. Daniels, Asst. Public Defender, and John A. Gentry, III, of Moyle, Gentry, Jones & Flanigan, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and William W. Herring, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.

ON PETITION FOR RE-HEARING
The timely filed petition for re-hearing is granted and this court's decision filed January 19, 1973 affirming the judgment without opinion is withdrawn.
The supplemental record which we authorized to be filed in this cause discloses that at the sentencing proceedings held on February 24, 1972, the court inadvertently overlooked a condition of the plea bargain made at the time the guilty plea was entered on September 7, 1972.
As part of the plea bargain the State recommended to the court that there be a withholding of adjudication of guilt and that defendant be placed on probation. The trial judge stated that if the pre-sentence investigation should indicate that defendant was not a proper candidate for probation, the court would afford him the opportunity to withdraw his guilty plea. Subsequently, at the time of sentencing, the court announced that it found from the pre-sentence investigation that appellant was not a proper candidate for probation. However, through inadvertence (due most *308 likely to the lapse of time) the court overlooked the agreement to afford defendant the opportunity to withdraw his guilty plea at that time. On the authority of Barker v. State, Fla.App. 1972, 259 So.2d 200, recently approved by us in Enos v. State, Fla. App. 1973, 272 So.2d 847, we reverse the judgment and sentence and remand this cause with directions that the appellant be allowed to withdraw his plea of guilty and plead anew.
Reversed and remanded with directions.
REED, C.J., and OWEN and MAGER, JJ., concur.