284 So.2d 402 (1973)
Ernest Jay TAMERS, Appellant,
v.
STATE of Florida, Appellee.
No. 72-961.
District Court of Appeal of Florida, Fourth District.
October 26, 1973.
*403 Richard L. Jorandby, Public Defender, and Richard S. Power and Bruce J. Daniels, Asst. Public Defenders, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Nelson E. Bailey and Thomas M. Carney, Asst. Attys. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Defendant was charged with obtaining property in return for a worthless check. On April 25, 1973, counsel for the state and defendant presented a negotiated plea to the court, i.e., defendant would withdraw his plea of not guilty, plead nolo contendere, the court to withhold adjudication and place defendant on probation. The court advised defendant it would order a presentence investigation and, if unable to accept the recommended plea, it would allow defendant to withdraw his nolo plea.
Six months later, after receipt of the presentence investigation, the court rejected the recommendation and sentenced defendant to one year in the Division of Corrections. No doubt due to the lapse of time, no one mentioned defendant's right to withdraw his plea of nolo contendere. While it would certainly appear the public defender representing defendant should have called this to the court's attention, it is the court's affirmative duty to so advise defendant before sentencing, and call upon him to either affirm or withdraw his plea. Barker v. State, Fla.App. 1972, 259 So.2d 200; Enos v. State, Fla.App. 1973, 272 So.2d 847; Taylor v. State, Fla.App. 1973, 275 So.2d 307.
From the record it would appear that defendant has already served his sentence. Thus, we have the anomalous situation of reversing the judgment and sentence already served with directions to allow defendant to withdraw his plea of nolo contendere and plead anew. However, defendant has continued to maintain this appeal and he is entitled to a determination on the merits thereof.
Accordingly, the judgment and sentence appealed from is reversed and the cause is remanded with directions that defendant be allowed to withdraw his plea of nolo contendere, and enter such plea as he deems advisable.
Reversed and remanded with directions.
OWEN, C.J., and WALDEN, J., concur.