290 So.2d 128 (1974)
Ira BLOOM, Appellant,
v.
The STATE of Florida, Appellee.
No. 73-791.
District Court of Appeal of Florida, Third District.
February 5, 1974.
Phillip A. Hubbart, Public Defender, and Lewis S. Kimler, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Stephen Rosin, Asst. Atty. Gen., for appellee.
Before PEARSON, CARROLL and HENDRY, JJ.
PER CURIAM.
This appeal was begun as a petition for habeas corpus and a delayed appeal was granted pursuant to holding in Baggett v. Wainwright, Fla. 1969, 229 So.2d 239. Appellant alleges, and the record substantiates his allegation, that at the time of the entry of his guilty plea, the prosecuting attorney stated that the maximum sentence under the charge was five years. The court accepted the statement of the assistant state attorney, and in questions directed to the appellant stated that if the guilty plea were accepted, the sentence would in all probability be for the maximum of five years. Appellant was sentenced to fifteen years.
Appellant did not ask in the trial court to have his plea set aside. We therefore hold that this is an appeal from an illegal sentence. A sentence of fifteen years, where the defendant has been led to believe that he will receive only five years if he enters his guilty plea, clearly cannot stand. See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); United States v. Blair, 470 F.2d 331 (5th Cir.1972), and Fla. Stat. § 810.04, and § *129 775.082, F.S.A. Therefore, the sentence in this cause is amended to read "... that you be imprisoned by confinement at hard labor in the STATE PENITENTIARY for a term of Five (5) years, credit to be given for time served in the Dade County Jail prior to sentencing, to-wit: One Hundred Forty-Six (146) days". The sentence as amended is affirmed.
Affirmed.