BOYER, Judge.
Following a verdict by which appellant was found guilty of manslaughter on September 5, 1973, the trial judge imposed the maximum sentence allowed by law, saying:
“Based upon the verdict of the jury, finding you guilty of manslaughter, the Court now adjudges you guilty of that offense. It’s the judgment of the law and the sentence of this Court that you be committed to the Division of Corrections of the State of Florida for confinement for a period of 15 years. You are not to be given credit on this sentence for any days that you might have served prior to this in the county jail.”
Chapter 73-71, Laws of Florida, became effective May 28, 1973. It amended Florida Statute 921.161(1), F.S.A., to read as follows:
“A sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing a sentence shall allow a defendant credit for all of the time he spent in the county jail before sentence. The credit must be for a specified period of time and shall he provided for in the sentence. (Emphasis in the original act)
Following the statement above quoted, judgment and sentence was entered on October 5, 1973, the sentence being as follows :
“Inquiry having been made of the defendant why sentence should not now be imposed and the defendant saying nothing that could influence the Court in its decision, it is further ADJUDGED that said defendant be imprisoned by confinement in the Florida State Prison for a term of Fifteen (15) years. No credit for jail time. To run consecutive to prior sentences.”
It is apparent, therefore, that unless Florida Statute 775.084, F.S.A., is applicable, the challenged sentence is contrary to Florida Statute 921.161(1), F.S.A., as amended.
Florida Statute 775.084, F.S.A., provides for the imposition of an extended sentence upon findings by the court of cer *633 tain facts as therein recited. In order for an extended sentence to be imposed under said statute it is imperative that the court make such findings. An examination of the record before us fails to reveal such findings by the court, therefore it appears that the sentence was not intended to have been imposed under said Florida Statute 775.084, F.S.A.
Accordingly, it is apparent that the challenged sentence is not in accordance with the applicable law. This case is therefore reversed and remanded to the lower court with directions that such evidence be taken as is necessary to properly compute the “jail time” for which the appellant is entitled to credit and that the sentence imposed be amended accordingly.
RAWLS, C. J., and McCORD, J., concur.