302 So.2d 147 (1974)
Kenneth Eugene KURLIN, Appellant,
v.
STATE of Florida, Appellee.
No. U-154.
District Court of Appeal of Florida, First District.
October 24, 1974.
*148 Richard W. Ervin, III, Public Defender, and David J. Busch, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Donald K. Rudser, Asst. Atty. Gen., for appellee.
BOYER, Judge.
Appellant was charged by a two-count information filed on March 27, 1973 with receiving and concealing stolen property (Count I) and with larceny (Count II). Both offenses were alleged to have occurred while appellant was incarcerated in the Duval County Jail. On May 7, 1973 appellant appeared before the trial court and requested leave to change his plea of not guilty to the second count of the information to a plea of guilty. The able trial judge carefully and thoroughly inquired of appellant as to whether he understood the effect of his plea, the maximum sentence, that he was giving up his constitutional right to trial by jury, to cross-examine witnesses, to remain silent and as to whether he was satisfied with the representation he has received from his trial counsel. Appellant assured the trial court that he was satisfied with his counsel and that he thoroughly understood the nature and effects of his actions. He also, in response to appropriate questions from the trial judge, stated that no threats had been made against him to coerce his plea. During the *149 questioning the following further exchange occurred:
"THE COURT: I have indicated to your counsel out of your own presence that on a plea of guilty to this offense that I would send you to the State Prison for a period of two years, and that sentence would be imposed on the 17th day of May, which would be a week from Thursday.
"MR. KURLIN: Yes, sir.
"THE COURT: Have any other promises other than that one been made to you?
"MR. KURLIN: No, sir."
Following that exchange the court ordered a presentence investigation and deferred sentencing until May 31, 1973. At some time not clear from the record appellant was released, apparently on bond. In his pro se brief appellant states that sentencing was deferred "due to the fact that the defendant had some personal problems he needed to tend to before being incarcerated." In any event, prior to the date set for sentencing appellant fled the jurisdiction of the court and was thereafter incarcerated in Findlay, Ohio, from whence he was extradited, arriving at the Duval County Jail on July 25, 1973.
On August 15, 1973 appellant again appeared before the court for sentencing. He was then adjudicated guilty based upon his prior plea of guilty and was asked the standard question, viz: "Do you have any legal cause to show why sentence should not now be imposed against you?" Appellant's counsel responded with a few comments seeking mitigation, whereupon the court stated:
"Giving no legal cause to show why sentence should not now be imposed, you, Kenneth Eugene Kurlin shall be taken by the Sheriff of Duval County, and by him delivered to the proper authority, and there he confined to hard labor for a full term of three years." (Emphasis added)
Regarding imposition of the sentence without the benefit of a presentence investigation, the record reveals that the able trial judge stated:
"He does have a right to it. But if he had wanted to cooperate he would have been present for the PSI. I don't really know what to do with it. I just feel by his actions he waived the right."
Responding to a query regarding credit for "jail time" the trial judge also said:
"I think I took that into consideration when I gave him three years. I could have given him five years. I can give him three years and however many days it is, but it makes it a kind of a funny sentence when you do it that way."
Upon the foregoing facts appellant now raises three points for our consideration. The first point relates to the propriety of the three year sentence in view of the trial judge's statement at the time he received and accepted the plea of guilty to the effect that the trial court had indicated to appellant's counsel that upon a plea of guilty a sentence of two years would be imposed.
It is obvious that the plea was a result of plea bargaining. Indeed, the State, in its brief, so concedes.
Although plea bargaining is as old as the law itself, it, like many other institutions, remained in the dark corners, alleys and courthouse corridors until recent times. The practice has finally received the recognition of all of our courts including the United States Supreme Court. Since the practice has only recently been accorded judicial recognition, it seems appropriate for some guidelines to be established. With the hope of assisting prosecutors, defense counsel and trial courts we suggest the following:
1. When prosecutor and defense have reached an agreement on a bargained plea the trial judge should be promptly so informed.
*150 2. The trial judge should, as quickly as is feasible under the circumstances, inform counsel as to whether the bargained plea is agreeable to him.
3. If the trial judge accepts the plea then the agreement should be assiduously followed unless some unexpected or unforeseen circumstances come to the attention of the court.
4. In the event the trial judge accepts the plea, viz: bargain, he should ascertain that the defendant thoroughly understands his rights and waivers relative thereto and that the plea and bargain is voluntary. Obviously, if the trial judge is not satisfied that the defendant understands the nature of his actions and the affect thereof or that the bargain is not voluntary; or should the trial judge determine that there is a question as to the defendant's guilt then the plea should be rejected. (See RCrP 3.170(j) and Lyles v. State, Fla.App.1st 1974, 299 So.2d 146.)
5. In the event the trial judge rejects the bargained plea, or in the event he should subsequently determine that for good cause because of unforeseen or unexpected circumstances a bargain previously entered into should not be honored, then the trial judge should so inform the prosecutor and the defendant and thereupon afford the defendant an opportunity to withdraw his negotiated plea and enter such plea as the defendant may then desire.
We recognize that the above suggestions are not exclusive. No doubt time and experience will dictate others. However, we do feel that application of the above guidelines will result in a clearer understanding by all concerned of their relative rights and responsibilities and will assure that defendants are not induced to enter a plea of guilty based upon a representation that a particular sentence will be imposed, later being subjected to a harsher or more lengthy sentence. It is important that citizens, including those accused of crimes, have confidence in their government, particularly the judicial branch.
Our sister court of the Third District, in Bloom v. State, Fla.App.3rd 1974, 290 So.2d 128, considering a case wherein the trial judge had concurred in a representation by the State that the defendant, upon entering a plea of guilty, would receive no more than a five-year sentence, said:
"* * * A sentence of fifteen years, where the defendant has been led to believe that he will receive only five years if he enters his guilty plea, clearly cannot stand. See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); United States v. Blair, 470 F.2d 331 (5th Cir., 1972), and Fla. Stat. § 810.04, and § 775.082, F.S.A. * * *" (290 So.2d at pages 128 and 129)
In Severino v. State, Fla.App.2nd 1973, 286 So.2d 234, a negotiated plea of guilty was entered in accordance with an arrangement whereby the defendant agreed to plead guilty to one information to escape from prison and in another three count information to one count of assault to commit murder in the first degree, one count of auto theft, and one count of possession of a firearm during the commission of a felony, in return for his receiving a promised sentence of fifteen years on the escape charge and not more than one year on each of the counts in the three count information, all sentences to run consecutively. The trial court sentenced Severino to one year on the escape charge and five years on each of the offenses in the three count information, all sentences to run consecutively. The Second District reversed saying:
"Although the aggregate of the sentences does not exceed the maximum of eighteen years which was negotiated, this case must be remanded for re-sentencing as to all offenses within the bounds of the negotiated plea arrangements of which the court was aware." (at pages 234 and 235)
*151 We do not overlook the admitted fact that after entry of the plea of guilty, and before ultimate sentencing, appellant fled the jurisdiction of the court. The record does not reveal that such fact led to imposition of the sentence in excess of the one bargained for. In any event, if the trial court decided, for good cause, to cancel the agreement the appellant should have been so advised and he should have been permitted to withdraw his plea of guilty and plead anew. (Tamers v. State, Fla.App.4th 1973, 284 So.2d 402; Enos v. State, Fla.App.4th 1973, 272 So.2d 847; Sanders v. State, Fla.App.2nd 1972, 268 So.2d 553, and Barker v. State, Fla.App. 2nd 1972, 259 So.2d 200.)
Indeed, the State in its brief concurs.
It is apparent therefore that the sentence appealed must be reversed and this case remanded for further proceedings consistent herewith.
We now turn to appellant's contention that the trial court erred in failing to credit "jail time" in accordance with Florida Statute 921.161(1) as amended by Chapter 73-71 Laws of Florida 1973. In that regard, the trial court stated, incident to sentencing the appellant, when the question of credit for jail time was raised:
"I think I took that into consideration when I gave him three years. I could have given him five years. I can give him three years and however many days it is, but it makes it a kind of funny sentence when you do it that way."
The statute specifically provides that "[t]he credit must be for a specified period of time and shall be provided for in the sentence." We have recently considered this point in Joins v. State, Fla.App.1st 1974, 287 So.2d 742 and in Manning v. State, Fla.App.1st 1974, 299 So.2d 632. It is apparent that the court's statement above quoted did not meet the test of those cases nor the cited statute.
Appellant urges that he is entitled to credit for the period of time he was incarcerated in the State of Ohio. We are not unmindful of the statement of Justice Boyd of our Supreme Court in State ex rel. Argersinger v. Hamlin, Sup.Ct.Fla. 1970, 236 So.2d 442 that "From the inside all jails look alike": However we do not construe the requirement in Florida Statute 921.161(1), which requires that the defendant be allowed credit for all of the time he spent in "the county jail" before sentence, to be applicable to periods to time incarcerated in other states.
Finally, appellant contends that the trial judge erred in imposing sentence without the benefit of a presentence investigation, citing Rule 3.710 RCrP and two recent opinions of this court, Mitchum v. State, Fla.App.1st 1974, 292 So.2d 620 and Harden v. State, Fla.App.1st 1974, 290 So.2d 551. Regarding this point, when raised at the time of sentencing the trial judge said:
"He does have a right to it. But if he had wanted to cooperate he would have been present for the PSI. I don't really know what to do with it. I just feel by his actions he waived the right."
Without in any manner receding from Mitchum and Harden, supra, we agree with the learned trial judge. As earlier recited herein, the trial judge did in fact defer sentencing at the time of accepting the negotiated plea of guilt and ordered a presentence investigation. The appellant then frustrated the investigation by fleeing. By so doing he waived his right thereto.
In Mitchell v. State, Fla.App.1st 1974, 294 So.2d 395, we held under analogous circumstances that upon an appellant escaping and absenting himself from the jurisdiction he would be taken to have abandoned his appeal, saying:
"We now hold, therefore, that upon the appellant escaping, and thereby rendering himself not amenable to the orders of this Court, he is taken to have abandoned his appeal and that therefore our *152 prior order dismissing the appeal was proper." (294 So.2d at page 397)
By the same reasoning, we now hold that upon the appellant fleeing the jurisdiction, and thereby rendering himself not available to participate in the presentence investigation, he is taken to have abandoned and waived his rights under Rule 3.710 RCrP. (See also Bretti v. State, Fla. App.3rd 1968, 210 So.2d 472)
Reversed in part and affirmed in part and remanded for further proceedings consistent herewith. It will not be necessary to bring defendant before the trial judge for the purpose of resentencing.
RAWLS, C.J., and McCORD, J., concur.