327 So.2d 63 (1976)
Leon THOMAS and Randolph Wilbur Scott, Appellants,
v.
STATE of Florida, Appellee.
No. Z-194.
District Court of Appeal of Florida, First District.
February 5, 1976.
Rehearing Denied March 11, 1976.
Richard W. Ervin, III, Public Defender, and Louis G. Carres, Asst. Public Defender, for appellants.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
SMITH, Judge.
The trial court sentenced appellants to imprisonment for one year and three years respectively on charges that they had in their possession a boat motor and gas tank which they knew or had reason to believe had been stolen. Sec. 814.03(2), F.S. 1973. The trial judge imposed the sentences without first advising appellants that he intended not to grant them probation, as the State had recommended on their pleas of guilty pursuant to plea bargaining. The State takes the position that the plea bargain required only that the State recommend probation and that, the prosecutor *64 having done so, the trial court was licensed to imprison appellants without notice and without explicitly affording appellants an opportunity to withdraw their pleas of guilty.
The trial court notified appellants at the time of their pleas, as he was obliged to do by Rule 3.171(c), R.Cr.P., that he was not bound by the plea bargain and that the court "will rescind its approval of such agreement" if the court found that "the ends of justice require a disposition other than that agreed on." The trial judge promised that, in that event, "the defendants will have the opportunity to withdraw their plea of guilty, without prejudice."
To say in these circumstances that all which was bargained for and agreed to was fulfilled by the prosecutor's mere act of recommending probation would reduce the bargain to a trap or, at best, a formality. There could be no purpose in the court intending to agree only that the prosecutor might recommend probation. When the trial judge reached the conclusion that confinement terms were appropriate, appellants should have been affirmatively offered an opportunity to withdraw their pleas prior to imposition of sentence. Taylor v. State, 275 So.2d 307 (Fla.App. 4th, 1973); Bloom v. State, 290 So.2d 128 (Fla.App.3d, 1974); Barker v. State, 259 So.2d 200, 205 (Fla.App.2d, 1972). We note that the trial court entertained and expressed some question concerning his duty in these circumstances and, unfortunately, that the response of appellants' trial counsel tended to reassure the judge concerning his power to imprison without further notice. It is regrettable that the trial judge was thus permitted to err, but appointed counsel's misreading of Rule 3.171(c) does not alter or waive its terms.
Reversed.
MILLS, J., concurs.
BOYER, C.J., dissents.
BOYER, Chief Judge (dissents).
I respectfully dissent. I have no quarrel with the holdings in the cases cited in the majority opinion. Indeed, this Court has carefully chronicled the steps to be observed incident to plea bargaining. (See Kurlin v. State, Fla.App.1st 1974, 302 So.2d 147; Brown v. State, Fla.App.1st 1974, 303 So.2d 89) However, neither our own prior opinions, nor those of our sister courts cited in the majority opinion, nor Rule 3.171, RCrP, require reversal in the case sub judice. A reading of the record in this case reveals that on no less than five occasions prior to imposition of sentence the learned trial judge carefully informed appellants and their counsel that the court was not bound and would not be bound by the state's recommended sentence. He said clearly and distinctly "I can sentence you to five years, I can put you on probation, but all this is in my discretion, and I am not bound by the plea bargaining of counsel: Do you understand that?" To which each of the defendants responded in the affirmative. Appellants entered their plea fully informed and with their eyes wide open. In my view they should not now be heard to complain.
I am not unmindful of the concluding sentence of Rule 3.171(c), RCrP, which provides that:
"... Should such other factors make ultimate judicial concurrence impossible, any plea of guilty or nolo contendere entered based upon such agreement may thereafter be withdrawn."
However, in my view there must be some motion, objection or proceeding to trigger application of that provision of the rule. A meticulous examination of the record in this case reveals not one word of objection on the part of appellants nor their counsel nor does the record reveal any motion, oral or written, that appellants' pleas of guilty be withdrawn. It is therefore apparent that the learned trial judge, who the record reveals proceeded meticulously and cautiously, *65 is now being reversed by the majority notwithstanding that his actions complained of (which in my view were not in error) have never been called to his attention nor has he ever been afforded an opportunity to review nor reconsider.
I would affirm.