PER CURIAM.
Appellant was adjudged guilty of manslaughter on May 30, 1973, and was sentenced to ten years’ imprisonment on September 26, 1975, At the time of adjudication, because of a plea bargain and appellant’s crippling injury by arresting officers, the trial court purported to suspend a sentence of ten years’ imprisonment and advised appellant, “[I]t has been agreed . that you will not have to go to prison at all.” More than two years later, after appellant committed a second homicide, amother judge of the same court reimposed a sentence of ten years’ imprisonment on the original conviction, prompting this appeal.
The original sentence could not lawfully be suspended. Bateh v. State, 101 So.2d 869 (Fla.App.1st, 1958), cert. disch. 110 So.2d 7 (Fla.1959). The court therefore had authority to correct the illegal sentence. Rule 3.800(a), R.Cr.P.; § 775.14, F. S.; Drayton v. State, 177 So.2d 250 (Fla.App.3rd, 1965), cert. disch. 181 So.2d 348 (Fla.1966). But because the adjudication on which the present ten year sentence rests was induced by a bargained plea on which appellant was assured that “you will not have to go to prison at all,” the spirit if not the letter of Rule 3.171, R.Cr.P., requires that the judgment and sentence be vacated and the case remanded to give appellant opportunity to withdraw the bargained plea of guilty to manslaughter. Cf. Thomas v. State, 327 So.2d 63 (Fla.App.1st, 1976).
REVERSED.
MILLS, Acting C. J., SMITH, J., and AGNER, ROYCE, Associate Judge, concur.