DOWNEY, Judge.
Appellant entered a negotiated plea of guilty to the charge of breaking and entering with intent to commit petit larceny. In return for this plea appellant was to receive a sentence no more severe than three years and eight months, and he was to remain on bond pending a presentence investigation. The trial court accepted the plea with the express understanding regarding the maximum sentence he could impose on appellant.
While on bond pending the presentence investigation appellant was arrested on two other charges. At the outset of the sentencing proceedings on the breaking and entering charge, appellant sought permission to withdraw his guilty plea. The court refused permission, noted appellant’s arrest on the two subsequent charges, and concluded appellant had breached the “contract” involved in his negotiated plea. It then sentenced appellant to five years on the breaking and entering charge.
If a trial court decides it cannot honor the conditions of a negotiated plea, this rejection should vitiate the entire “contract” and the defendant should be allowed to withdraw the guilty plea entered pursuant to that contract. Kurlin v. State, 302 So.2d 147 (Fla. 1st DCA 1974); Thomas v. State, 327 So.2d 63 (1st DCA 1976); Taylor v. State, 275 So.2d 307 (4th DCA 1973); Moore v. State, 339 So.2d 228 (Fla.2nd DCA 1976).
Accordingly, the trial court erred in refusing to allow appellant to withdraw • his guilty plea when the court concluded that it would no longer honor plea agreement. The judgment and sentence appealed from are therefore reversed and the cause is remanded with directions to allow appellant to withdraw his plea of guilty, and for further proceedings.
MAGER, C. J., and CROSS, J., concur.