566 P.2d 101

**Calvin ELLER and Dennis Richardson, Petitioners,**

v.

**STATE of New Mexico, Respondent.**

**No. 11445.**

Supreme Court of New Mexico.

July 8, 1977.

Jan A. Hartke, Chief Public Defender, Reginald J. Storment, Appellate Defender, William H. Lazar, Asst. Appellate Defender, Santa Fe, for petitioners.

Toney Anaya, Atty. Gen., Santa Fe, for respondent.

OPINION

FEDERICI, Justice.

Defendants were charged with and pled guilty to multiple counts of issuing worthless checks in violation of § 40–49–4 & 5(B), N.M.S.A. 1953 (2d Repl. Vol. 6, 1972), and one count of conspiracy in violation of § 40A–28–2, N.M.S.A. 1953 (2d Repl. Vol. 6, 1972).

A plea and disposition agreement had been entered into by Defendant Eller and the prosecutor providing that the State would recommend a suspended sentence. Defendant Richardson had not entered into such an agreement at the time he pled guilty, but did sign a plea and disposition agreement prior to sentencing.

Both defendants pled guilty and were advised of the consequences of their pleas. The trial court was informed of the prosecutor's recommendations, but refused to follow the recommendation for a suspended sentence, and instead sentenced the defendants to terms in the penitentiary.

Defendants moved to withdraw their guilty pleas, which motion was denied. Defendants appealed to the Court of Appeals from the denial of the motion. The Court of Appeals' calendar assignment proposed summary affirmance under N.M. R. Crim. App. 207(d) [§ 41–23A–207(d), N.M.S.A. 1953 (Supp.1975)], and defendants then filed a memorandum opposing summary affirmance.

The Court of Appeals affirmed the trial court proceedings and sentences on the grounds that (1) the procedural issues which defendants claim the trial court should have followed upon rejection of the prosecutor's recommendation were not raised in the trial court; (2) those same procedural issues were not raised in the docketing statement; and (3) the memorandum abandoned the issues which were raised in the docketing statement. We granted certiorari and now reverse the Court of Appeals.

The result we have reached is dictated by the state of the record in this case and by very recent decisions of this court in *Olguin v. State*, 90 N.M. 303, 563 P.2d 97 (1977);

*Linam v. State*, 90 N.M. 302, 563 P.2d 96 (1977); *Vigil v. State*, 89 N.M. 601, 555 P.2d 901 (1976).

■ With reference to the alleged failure of defendants to raise the proper procedural issues upon the trial court's rejection of the prosecutor's recommendations, the record shows that the defendants moved to withdraw their guilty pleas, based upon the trial court's refusal to follow the suspension of sentences recommended by the prosecutor. After requested findings of fact and conclusions of law had been submitted by the defendants and the prosecutor, the motions were denied by the trial court. Defendants' requested conclusion of law No. 6 specifically raised the issue that the trial court did not reject the agreement. The filing of the motion and requested findings and conclusions, and the ruling of the trial court, were sufficient to alert the trial court of the defendants' position and to raise the issues involved.

■ With reference to the docketing statement, the Court of Appeals held that under N.M. R. Crim.App. 205 [§ 41–23A–205, N.M.S.A. 1953 (Supp.1975)], the procedural issues were not raised. N.M. R. Crim. App. 205, *supra*, requires a "concise statement" of the case containing the facts material to a consideration of the issues presented and the presentation of the issues on appeal "but without unnecessary detail." Defendants' docketing statement set forth the pertinent proceedings and material facts and specifically raised the issues that (a) upon accepting the plea bargain the trial court was bound to impose a sentence consistent with the agreement, and (b) once a court is aware that a guilty plea is based upon a prosecutor's recommendation, it must impose a sentence consistent with that recommendation. Further, the statement of material facts in defendants' docketing statement reads:

On April 11, 1977, Defendants filed a written Motion to Withdraw the Plea of Guilty, based upon the Judge's acceptance of the Plea and Disposition Agreement, and his failure to follow the recommendations of the District Attorney.

**554**

The Motion was heard on oral argument on April 11, 1977, and the Court denied the Motion. * * *

The requested findings of fact and conclusions of law submitted by the defendants and by the prosecution, and the court's findings of fact and conclusions of law, are attached to the docketing statement as exhibits. A reading of the entire docketing statement, together with the attached exhibits, is sufficient to raise the procedural issues on appeal.

■ Finally, the Court of Appeals' opinion states that the memorandum submitted by defendants opposing summary affirmance abandons the issues raised in the docketing statement. We do not feel that the statements in defendants' memorandum should control the contents of the docketing statement.

The basic issue revealed from a reading of the record in this case, is whether the trial court erred in refusing to permit the defendants to withdraw their pleas of guilty after the judge failed to follow the recommendations of the district attorney. This issue was sufficiently contained in the docketing statement although not necessarily in the appropriate place or perhaps not even in the proper form. N.M. R. Crim. App. 102 [§ 41-23A-102, N.M.S.A. 1953 (Supp.1975)], provides that the appellate court may take such action as it deems appropriate, including citation of counsel or a party for contempt, refusal to consider the offending parties' contentions, assessment of costs, or, in *extreme* cases, dismissal or affirmance. We do not consider the violations involved so extreme as to warrant summary affirmance. *Olguin v. State, supra; Linam v. State, supra; Vigil v. State, supra.* The imposition of appropriate sanctions, if any, is to be determined by the Court of Appeals.

We do not pass upon the merits of defendants' appeal. The cause is remanded to the Court of Appeals with instructions to reinstate the appeal on the docket of that court and to proceed accordingly.

IT IS SO ORDERED.

McMANUS, C. J., and SOSA, EASLEY and PAYNE, JJ., concur.