582 P.2d 824

**Calvin ELLER and Dennis Richardson, Petitioners,**

**v.**

**STATE of New Mexico, Respondent.**

**No. 12016.**

Supreme Court of New Mexico.

Aug. 9, 1978.

John B. Bigelow, Chief Public Defender, Martha A. Daly, Asst. Appellate Defender, Santa Fe, for petitioners.

Toney Anaya, Atty. Gen., Santa Fe, for respondent.

OPINION

McMANUS, Chief Justice.

Defendants were each charged with multiple counts of issuing worthless checks in violation of §§ 40–49–4 and 5(B), N.M.S.A. 1953 (Repl. 1972) and one count of conspiracy in violation of § 40A–28–2, N.M.S.A. 1953 (Repl. 1972).

Defendant Eller entered into a plea and disposition agreement with the district attorney which provided that the defendant would plead guilty to all counts in exchange for a recommendation of the district attorney that any sentence of incarceration would be suspended and the defendant would be placed on probation. Full restitu-

tion was to be made within sixty (60) days. Defendant Richardson had not entered into a written plea and disposition agreement at the time he pled guilty, but did sign a plea and disposition agreement prior to sentencing. The agreement as to defendant Richardson provided the same conditions as defendant Eller's agreement. The trial court was informed of the recommendation of the district attorney but refused to follow the recommendation for a suspended sentence. Both defendants were sentenced to terms in the penitentiary.

After sentencing the defendants moved to withdraw their guilty pleas. The motion was denied. The defendants appealed to the Court of Appeals from the denial of their motion. The Court of Appeals affirmed without reaching this issue. We granted certiorari. We reversed and remanded in *Eller v. State*, 90 N.M. 552, 566 P.2d 101 (1977).

Upon remand this Court directed the Court of Appeals to determine "whether the trial court erred in refusing to permit the defendants to withdraw their pleas of guilty after the judge failed to follow the recommendations of the district attorney." *Id.* at 554, 566 P.2d at 103.

In the Court of Appeals the defendants challenged the trial court's denial on the basis that an opportunity to withdraw a plea is required under N.M.R.Crim.P. 21(g)(4) [§ 41–23–21(g)(4), N.M.S.A. 1953 (Supp. 1975)].

The Court of Appeals determined that Rule 21(g)(4) does not require an opportunity to withdraw a plea since the plea agreement was to recommend probation, which the district attorney did. The court noted a distinction between an agreement for a specific sentence and an agreement *to recommend* a sentence. *United States v. Sarubbi*, 416 F.Supp. 633 (D.N.J., 1976); *United States v. Savage*, 561 F.2d 554 (4th Cir. 1977); N.M.R.Crim.P. 21(g)(4) and 21(g)(2).

A dissenting opinion was filed in the Court of Appeals stating that the majority opinion made a "distinction without a difference." *State v. Eller*, No. 2976 (N.M.Ct. App. May 2, 1978).

We granted certiorari to determine whether a rejection of a sentencing recommendation contained in a plea agreement amounts to a rejection of a plea agreement under Rule 21(g)(4). This is a case of first impression.

Rule 21(g)(4) provides:

Rejection of plea—If the court rejects the *plea agreement,* the court shall inform the parties of this fact, advise the defendant personally in open court that the court is not bound by the plea agreement, *afford the defendant the opportunity to then withdraw his plea,* and advise the defendant that if he persists in his guilty plea or plea of nolo contendere the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement. (Emphasis added.)

N.M.R.Crim.P. 21(g) is similar to the Fed. R.Crim.P. 11(e) [18 U.S.C. (1975)]. Federal Rule 11(e) provides for specific distinctions as to dismissal of charges, recommendations for a particular sentence and an agreement conditioned upon a specific sentence. The rule also provides that "[i]f the court rejects the plea agreement, the court shall . . . afford the defendant the opportunity to then withdraw his plea."

In *Sarubbi* and *Savage, supra,* relied upon in the majority opinion of the Court of Appeals, these federal courts held that where a defendant plea bargains only for a recommendation which the defendant knows is not binding on the trial court, the non-acceptance of the recommendation by the trial court is not a rejection of the plea agreement. In *Sarubbi* the court held that an agreement to recommend could be approved and satisfied even though the recommendation or request failed to persuade the court to impose the recommended sentence. 416 F.Supp. at 636.

We do not agree with such a narrow construction of the contents of a "plea agreement." If the trial court rejects the "plea agreement" the defendant must be given an opportunity to withdraw his plea. It is implicit in a plea agreement that the

court will either accept the recommendation and plea to the charges, or reject *both* the recommendation and the plea.

In *People v. Wright*, 559 P.2d 249 (Colo. App. 1976) aff'd 573 P.2d 551 (Colo. 1978) the court construed a criminal rule similar to Rule 21(g). The Colorado rule refers to "sentence concession" in lieu of sentence recommendation. The rule permits withdrawal of a plea if the court determines that the final disposition should not include the charge or sentence concessions. The court determined that sentence concession was akin to a recommendation and that if the recommendation is not followed the defendant must be given an opportunity to withdraw. *Id.* at 252. The court quoted with approval from *Thomas v. State*, 327 So.2d 63 (Fla.App. 1976) where it was stated:

> [t]o say that in these circumstances that all which was bargained for and agreed to was fulfilled by the prosecutor's mere act of recommending probation would reduce the bargain to a trap or, at best, a formality.

327 So.2d at 64.

On appeal, the Supreme Court of Colorado affirmed, stating:

> When, as in this case, the trial judge rejects a plea agreement, he removes the basis upon which the defendant entered his plea and draws into question the voluntariness of the plea. Even where the only "promise" is a prosecutorial recommendation for a lighter sentence, "there nevertheless remains at least the taint of false inducement." ABA, *Standards Relating to the Functions of the Trial Judge*, 34.1[c] (commentary).

573 P.2d at 553.

We believe that the reasoning in the *Wright* decision is sound. When a plea agreement is reached the agreement is "rejected" in all its parts if it is not followed by the trial court. The sentencing disposition is an integral part of the agreement and bears directly upon whether the plea is voluntary. *See, Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

We therefore hold that the trial court's refusal to follow the sentencing recommendations of the district attorney constitutes a rejection of the plea agreement under Rule of Crim.P. 21(g)(4).

This cause is reversed and remanded to the trial court with directions to permit the defendants to withdraw their pleas of guilty and to enter a new plea, and for further proceedings.

IT IS SO ORDERED.

SOSA and FEDERICI, JJ., concur.

EASLEY and PAYNE, JJ., respectfully dissenting.