404 So.2d 202 (1981)
Charles ZULLA, Appellant,
v.
STATE of Florida, Appellee.
No. 81-403.
District Court of Appeal of Florida, Second District.
October 7, 1981.
*203 Jerry Hill, Public Defender, and Kathe Kates Davis, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Judge.
Appellant entered a plea of nolo contendere to the charge of resisting an officer with violence. He was adjudicated guilty and sentenced to two years imprisonment. Appellant argues that the trial court erred in not giving him credit for time spent in the Solano County, California jail pursuant to a Florida detainer pending his return to Florida to answer this charge. We agree.
Section 921.161(1), Florida Statutes (1979) provides:
A sentence of imprisonment shall not begin to run before the date it is imposed but the court imposing a sentence shall allow a defendant credit for all of the time he spent in the county jail before sentence. The credit must be for a specified period of time and shall be provided for in the sentence. [Emphasis added.]
A review of Florida decisions indicates that only two districts have interpreted this section. The First District in Kurlin v. State, 302 So.2d 147 (Fla. 1st DCA 1974) held that this statute is not applicable to periods of time incarcerated in other states. The Fourth District in Southard v. State, 363 So.2d 178 (Fla. 4th DCA 1978), considered the Kurlin decision, but declined to reach a conclusion for the following reasons:
Appellant has failed to demonstrate either in the trial court or before this court that he was, in fact, incarcerated in California pursuant to a Florida detainer. The record is void of any official reference to any incarceration in California, whether it be pursuant to a Florida detainer or California charges. It being the burden of the appellant to demonstrate error, we therefore find that he has failed to sustain the burden.
Sub judice, appellant has sustained his burden by supplementing the record with official verification of his incarceration in California pursuant to a Florida detainer. We choose not to follow the Kurlin decision and hold that where properly documented, credit for all time spent in foreign jails should be given. Justice Boyd wrote in Argersinger v. Hamlin, 236 So.2d 442 (Fla. 1970), "from the inside all jails look alike."
We are aware that the lower court did not have benefit of some of the communications from Solano County, California when it heard the motion to reconsider the sentence. Accordingly, we affirm the conviction, but remand for reconsideration of sentence so that credit for time spent in California can be given.
SCHEB, C.J., and OTT, J., concur.