SHIVERS, Judge,
dissenting.
The Florida Parole and Probation Commission released a Florida prisoner, petitioner Steele, on parole, to reside in High Point, North Carolina, and to abide by the conditions of parole. Steele subsequently violated the conditions of his parole by failing to maintain steady employment, by failing to report as instructed and by absconding supervision; as a result, pursuant to warrants issued by Florida authorities,[1] petitioner was held in county jail in North Carolina. Eventually he was returned to the custody of the Florida Department of Corrections and his parole was revoked. A Superior Court judge in North Carolina later ordered that 158 days be credited to the sentence he is serving. Petitioner sought relief from Florida Department of Corrections, via a grievance request and appeal. See, Fla.Admin.Code Rule 33-3.07. He also sought relief from the Florida Parole and Probation Commission. Both agencies denied relief. Having exhausted his administrative remedies, petitioner filed for a petition for writ of habeas corpus in this court. I would grant the petition.
While § 947.21(2), Fla.Stat.(1981), gives the Florida Parole and Probation Commission discretion whether to credit one whose parole is revoked with time he has satisfac *658 torily served on parole, it does not give the Commission authority to refuse to give credit for time spent incarcerated pursuant to Florida warrants. The Florida Supreme Court has established that a sentence which is interrupted due to escape, parole, or other reasons, resumes upon the prisoner’s subsequent incarceration. See, Brumit v. Wainwright, 290 So.2d 39 (Fla.1974); Adams v. Wainwright, 275 So.2d 235 (Fla.1973); and Law v. Wainwright, 264 So.2d 3 (Fla.1972). Section 921.161(1), Fla.Stat. (1981), requires the trial judge to allow credit for all time spent in county jail prior to sentencing. Subsection '(2) requires the sheriff who is delivering the prisoner to the custody of the Department of Corrections to specify all times a person was at liberty after the imposition of the sentence. This indicates' that all time a person is incarcerated must be credited to his sentence, and is consistent with the above Florida Supreme Court decisions.
The only unique aspect of this case is that, unlike the well settled law of the state expressed by our Florida Supreme Court decisions, petitioner Steele was ordered by Florida authorities to be incarcerated and detained in North Carolina. In the other cases, the other prisoners had been incarcerated in Florida county jails. While this may be relevant in situations which require that a person detained in another state be extradited, we held in Todd v. Florida Parole and Probation Commission, 410 So.2d 584 (Fla. 1st DCA 1982), that when a person is paroled to another state pursuant to an interstate compact, all requirements to obtain extradition are waived. See, § 949.-07(3), Fla.Stat. (1981). Therefore, we assume that Steele may have remained in the custody of North Carolina correctional authorities because the Florida authorities delayed in returning him to Florida. For the foregoing reason, it appears that Kurlin v. State, 302 So.2d 147 (Fla. 1st DCA 1974), relied upon by the majority is not applicable to this case. In Kurlin, the prisoner seeking credit for time incarcerated in an Ohio county jail pursuant to a Florida warrant had fled the jurisdiction after receiving a conviction, but prior to sentencing. The state of Florida was required to initiate extradition proceedings, a costly and time-consuming process.
Nevertheless, I would recede from this court’s decision in Kurlin and follow the Second District Court of Appeal’s decisions in Osteen v. State, 406 So.2d 1239 (Fla. 2nd DCA 1981), and Zulla v. State, 404 So.2d 202, 203 (Fla. 2nd DCA 1981), both of which held that criminal defendants are entitled to credit on Florida sentences for time spent in jail in other states, pursuant to Florida detainers or warrants. In fact, those cases involved extradition of the prisoners from other states to Florida in order that they could answer criminal charges. In Adams, supra, at 237, the Florida Supreme Court quoted Justice Boyd’s dissenting statement in State ex rel Argersinger v. Hamlin, 236 So.2d 442, 444 (Fla.1970),[2] “from the inside all jails look alike.” The court agreed, deciding that a criminal defendant should not be confined in any prison for one day beyond expiration of his sentence. Then, in Brumit, supra, at 42, the court clarified its holdings in Law and Adams, stating that “the prisoner was entitled to credit on his original sentence for time spent in jail ..., on the basis that interruption of his sentence ended upon his recapture, it being irrelevant what jail he was incarcerated in .... ” The court went on, “as we noted there, [referring to Adams, supra] the walls of any prison look the same to the confined and it makes no difference in what penal institution the sentence is served.”
It is clear that the Florida Supreme Court did not distinguish between Florida jails and jails in other states in those cases it decided concerning credit on a criminal sentence for time spent incarcerated either before the conviction and sentence or when the sentence was interrupted and subsequently resumed. This latter is a situation *659 in which petitioner Steele appears to have been placed.
In conclusion, while the majority’s reliance on Kurlin is grounded upon principles of stare decisis, that case is clearly distinguishable from the situation before us now. Further, the statement in Kurlin construing § 921.161(1) to exclude time spent in county jail in other states is in contravention of the principle three times adhered to by the Florida Supreme Court subsequent to the U. S. Supreme Court’s overruling our Supreme Court’s ruling in State v. Argersinger, supra.[3]
I would grant this petition and remand it to the Florida Department of Corrections for a factual determination of how much time this prisoner was held in North Carolina solely on the authority of Florida warrants and detainers. I would then order the Florida Department of Corrections to credit petitioner Steele’s sentence with that time spent incarcerated in North Carolina, pursuant to Florida authorities’ requests.

. The petition and documents attached do not make clear how much time petitioner Steele was held in North Carolina solely on the basis of Florida warrants and detainers. It appears from the facts as stated by petitioner, and not controverted by respondent, that petitioner spent a substantial amount of time in North Carolina county jails solely on the authority of the Florida warrants and detainers.

. Reversed by U. S. Supreme Court in Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).

. See note 2, supra.