THOMPSON, Judge.
Defendant appeals an order denying his motion to correct sentence. We affirm and certify conflict to the Florida Supreme Court.
Defendant pleaded guilty to the charge of escape, was adjudicated guilty of the December 28, 1979 escape, and was sentenced to one year with credit for 27 days jail time. Defendant subsequently requested amendment of his judgment and sen1 tence to reflect credit for the period March 2, 1982 to May 23, 1982, the period during which he was held in a South Carolina jail on a fugitive warrant for the Florida escape charge and during which he unsuccessfully attempted to block extradition. The trial court denied this motion based on Kurlin v. State, 302 So.2d 147 (Fla. 1st DCA 1974).
In Kurlin this court declined to construe § 921.161(1), Florida Statutes, which requires credit for time spent in county jail prior to sentencing, as applicable to periods of time a defendant is incarcerated in other states. Although we affirm the denial of defendant’s motion to correct sentence, relying on Kurlin, we certify that Kurlin conflicts with Zulla v. State, 404 So.2d 202 (Fla. 2d DCA 1981), and Rehfuss v. State, 432 So.2d 639 (Fla. 4th DCA 1982) on the issue of whether a defendant is entitled to credit on a Florida sentence for time incarcerated in an out-of-state jail pursuant to a Florida detainer or warrant.
ERVIN, C.J., and NIMMONS, J., concur.