NIMMONS, Judge.
In this appeal from a denial, without hearing, of his Rule 3.850 motion, Buxton contends that he was entitled to postconviction relief because the trial court, in imposing sentence, failed to credit him for time which Buxton had spent in a Georgia jail on the Florida detainer while he was fighting extradition. We reject that contention on the authority of Kurlin v. State, 302 So.2d 147 (Fla. 1st DCA 1974), and Kronz v. State, 440 So.2d 49 (Fla. 1st DCA 1983). However, as in Kronz, we certify that our holding conflicts with Zulla v. State, 404 So.2d 202 (Fla. 2d DCA 1981), and Rehfuss v. State, 432 So.2d 639 (Fla. 4th DCA 1983).
Buxton also contends that he was entitled to relief because the trial court, in retaining jurisdiction pursuant to Section 947.16(3), Florida Statutes (1979), failed to state, either in writing or in open court, the justification for retention of jurisdiction as required by Section 947.16(3)(a). This is a ground which has been recognized as properly cognizable via a Rule 3.850 motion. See Snow v. State, 443 So.2d 1074 (Fla. 1st DCA 1984); Sawyer v. State, 401 So.2d 939 (Fla. 1st DCA 1981). The order denying Buxton’s 3.850 motion without hearing does not attach any portion of the record which refutes that allegation as required by Rule 3.850. Therefore, we remand the case to the trial court for further proceedings consistent with this opinion. In the event that the court denies the motion without hearing, the court will attach to its order those portions of the record which contain the justification for retention articulated by the court when the defendant was sentenced. However, if, when the defendant was sentenced, the trial court failed to state its justification for retention with particularity as required by Section 947.16(3)(a), the trial court is directed to either state the requisite justification or vacate the retention. See Saname v. State, 448 So.2d 14 (Fla. 1st DCA 1984).
With respect to the remaining grounds asserted in Buxton’s motion, we affirm the trial court’s order of denial.
Affirmed in part and reversed in part and remanded.
WENTWORTH, J., concurs;
SHIVERS, J., concurs specially.