JOANOS, Judge.
Appellant was tried and convicted on a charge of robbery, and sentenced to ⅞-½ years incarceration, to be followed by an 8-year period of probation. The question raised in this appeal pertains to the award of credit for time appellant served in out-of-state custody prior to sentencing. We affirm the conviction and sentence, but remand for a determination of the appropriate award of credit for time served pursuant to section 921.161(1), Florida Statutes (1985).
The Office of the Public Defender was appointed to assist appellant on appeal. After an examination of the record, the Assistant Public Defender assigned to the case filed a brief in compliance with An-ders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that in his professional judgment no reversible error was apparent in the record. Subsequently, at our request, appellant’s counsel filed a supplemental brief addressing the question of appellant’s possible entitlement to credit for time served in out-of-state custody on the Florida charges. In this supplemental brief, counsel maintains that appellant is entitled to a total of 345 days credit for total time served prior to sentencing on the Florida charge. This credit *1069 contemplates time spent in pre-extradition custody in New Jersey, as well as time spent in county jail in Florida. The state agrees the matter should be remanded to the trial court to determine the credit due for time served.
Section 921.161(1), Florida Statutes (1985), requires the trial court to give credit for time served in Florida county jails pending disposition of criminal charges. In addition, the trial court possesses “inherent discretionary authority to award credit for time served in other jurisdictions while awaiting transfer to Florida.” Kronz v. State, 462 So.2d 450, 451 (Fla.1985). See also Ali v. State, 476 So.2d 308 (Fla. 2d DCA 1985); Osteen v. State, 406 So.2d 1239 (Fla. 2d DCA 1981); Zulla v. State, 404 So.2d 202 (Fla. 2d DCA 1981).
The record in this case does not reflect that the trial court recognized its discretionary authority to award credit for out-of-state incarceration. Therefore, we remand with directions to the trial court to consider the appropriateness of an award of credit for the time appellant spent in New Jersey custody on the Florida charges.
Accordingly, appellant’s conviction and sentence are affirmed, and the case is remanded with directions to determine the credit appellant is due for time served.
SMITH, C.J., and ZEHMER, J., concur.