PER CURIAM.
William Kirkman appeals from a sentence entered following a guilty plea. For the following reason, we reverse.
William Kirkman was charged on April 22, 1987, in Key West with aggravated sexual battery. He initially entered a plea of not guilty but on November 2,1988, signed a written, negotiated plea of guilty. Pursuant to the terms of the plea agreement, Kirkman would be sentenced within *696 the guidelines range of fifteen years. The agreement also provided that the prosecutor would recommend that Kirkman’s sentence run concurrently with a recent sentence he received for an offense in Plantation Key[1] and that he would be declared eligible for treatment as a mentally disordered sex offender.
At the sentencing hearing, both Kirk-man’s counsel and counsel for the state emphasized to the court that Kirkman had entered into the plea agreement in order to become eligible for the Mentally Disordered Sex Offender [MDSO] Program. Counsel pointed out that Kirkman would not be eligible for the program if he was sentenced to more than fifteen years. Nevertheless, the trial court sentenced Kirkman to fifteen years in prison, the sentence to run consecutive to that imposed in the Plantation Key case. The trial court stated, “I have a philosophical problem with concurrent sentences. It impresses me that the legislature set up separate penalties for separate crimes and separate penalties ought to be imposed.” The court did not afford Kirkman an opportunity to withdraw his plea and, in failing to do so, erred.
Kirkman entered his guilty plea on the mistaken assumption that he would receive a sentence that would render him eligible for the MDSO program. Because he did not receive the sentence for which he bargained, he should have been given the opportunity to withdraw his plea. Davis v. State, 308 So.2d 27 (Fla.1975); Ritchie v. State, 458 So.2d 877 (Fla. 2d DCA 1984); Richardson v. State, 432 So.2d 750 (Fla. 2d DCA 1983). While the plea agreement provided that the state would recommend that the sentence to be imposed run concurrently with the earlier sentence, “[t]o say in these circumstances that all which was bargained for and agreed to was fulfilled by the prosecutor’s mere [recommendation] would reduce the bargain to a trap or, at best, a formality.” Thomas v. State, 327 So.2d 63, 64 (Fla. 1st DCA 1976). Before a trial court can impose a sentence other than one contemplated in the plea agreement, the court must explicitly afford the defendant the opportunity to withdraw his plea. Id. Because Kirkman was not afforded that opportunity, we vacate the judgment and sentence and remand to the trial court to allow Kirkman the opportunity to withdraw his plea.
Appellant’s second point on appeal, that the sentence was impermissible because the trial court failed to use one guideline scoresheet for both the Plantation Key and the Key West offenses, is without merit. A defendant is entitled to the use of a single uniform scoresheet for those cases of his pending before the court for sentencing. Fla.R.Crim.P. 3.701(d)(1). When the defendant was sentenced in the Key West case, the Plantation Key proceeding was no longer pending. A twelve-year sentence had already been entered in the Plantation Key case. When Kirkman was sentenced in the Plantation Key case, the Key West proceeding was not yet pending because Kirkman had not yet entered a plea. Therefore, Florida Rule of Criminal Procedure 3.701(d)(1) does not apply. See Clark v. State, 519 So.2d 1095, 1096 (Fla. 1st DCA 1988) (where one case completed and defendant already sentenced, that case not “pending” for purposes of sentencing in companion case).
Judgment and sentence vacated; remanded with directions.

. On October 26, 1988, Kirkman entered into a guilty plea in the Plantation Key case. The same day he was sentenced to a total of twelve years in prison.