# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CT-01668-SCT

*DARRELL SWINDLE*

*v.*

*STATE OF MISSISSIPPI*

## ON  WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 07/27/2001 |
| TRIAL JUDGE: | HON. KEITH STARRETT |
| COURT FROM WHICH APPEALED: | PEARL RIVER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: CHARLES W. MARIS, JR. |
| DISTRICT ATTORNEY: | DUNN LAMPTON |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | JUDGMENT OF THE COURT OF APPEALS IS REVERSED, AND THE JUDGMENT OF THE TRIAL COURT IS REINSTATED AND AFFIRMED - 06/24/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1.     After Darrell Swindle was indicted on two counts of uttering forgery, in violation of Miss. Code

Ann. §§97-21-49, and 97-21-59, he pled guilty and was sentenced to two consecutive 15-year terms,

with the last five years to be served on post-release supervision.

¶2. Thereafter, Swindle filed a pro se motion for post-conviction relief, which was denied. He then appealed, and the Court of Appeals reversed and remanded on the issue of ineffective assistance of counsel. *Swindle v. State*, 2003 WL 22708166 (Miss Ct. App. 2003). The State filed a petition for writ of certiorari which this Court granted. We now review the decision of the Court of Appeals.

## FACTS AND PROCEDURAL HISTORY

¶3. Darrell Swindle was indicted for fraudulently issuing two checks on the account of Sheila J. Odom. One check, issued to Bill's Quick Stop, was in the amount of $49.82, and the other was issued to Wal-Mart in the amount of $588.41.

¶4. Through his counsel, Swindle entered an agreement with the prosecutor that he would enter an "open plea" of guilty, which meant that he would plead guilty and proceed to sentencing without any recommendation of a sentence from the prosecutor.

¶5. The trial court accepted the plea and deferred sentencing for four days, while a pre-sentence investigation report was prepared. At the sentencing hearing, the trial court offered an opportunity for victims of the crime to come forward and speak, but no one presented themselves in person. Instead, the prosecution indicated that the victim, Sheila Odom, had filed a written "victim's impact statement," which contained the following statement:

> The night before the trial, Darrell Swindle and Darrell's wife called the victim, crying and asking her to change her testimony. This really upset Sheila considering the history of her and Darrell. Yen years ago he told the victim he would have her and her family killed if she ever had anything to do with sending him to jail. Even if he went to jail, he told her he would have his brother kill them all and all he would have to do is six months in Whitfield because he has gotten off that easy (in another state) for the same thing. All this time since the crime, she couldn't keep her children in sports because she was afraid he would find them and kill them. She had her number changed because his family kept harassing her in the beginning. Now it has just come out in the new phone book, and Darrell and his wife called this week (as per above). He has physically assaulted her in the past and she knows how violent he is capable of being which makes her take his threats seriously.

The court reviewed the pre-sentence investigation report and the victim's impact statement, without objection from defense counsel. Swindle was then sentenced to two consecutive 15-year terms, with the last five years to be served on post-release supervision and a $1,000.00 fine.

¶6.    No appeal was taken from the judgment of sentence. Subsequently, Swindle filed a pro se motion for post-conviction relief. The trial court summarily denied the motion. Swindle appealed, and the case was assigned to the Court of Appeals, where Swindle raised four issues:

(a) Whether the trial court improperly relied on information in Odom's victim impact statement that was outside the intended scope of such a statement;

(b) Whether the proper statutory procedure for introduction of a victim impact statement was followed;

(c) Whether the trial court improperly relied on evidence of a prior criminal conviction to justify the length of the sentence; and,

(d) Whether Swindle received ineffective assistance of counsel.

¶7.    The Court of Appeals held that issues (a) through (c) were not properly before the court because they could have been raised on direct appeal. 2003 WL 22708166, at *2. However, it further held that in order to determine whether Swindle was denied effective assistance of counsel, it would be required to:

(a) examine the various complaints raised by Swindle, (b) determine whether they would appear to have merit, and (c) consider whether defense counsel, in a reasonably vigorous defense of his client's rights, ought to have raised the issues contemporaneously, and, if so, (d) whether it is reasonable to conclude that a different result would, in all probability, have been obtained had he done so.

*Id.* at *3.

The Court of Appeals found that Swindle's attorney was ineffective for failing to object to the victim's impact statement, and failing to object to the inclusion of past crimes and Swindle's prior convictions.

**ANALYSIS**

3

¶8. For purposes of this analysis, we shall consider together Swindle's first two assignments of error concerning the victim impact statement.

> **Whether the trial court improperly relied on information in Odom's victim impact statement that was outside the intended scope of such a statement**
>
> **Whether the proper statutory procedure for introduction of a victim impact statement was followed**

¶9. The State contends that the interpretation of Miss. Code Ann. §§ 99-19-151, *et seq.* is an issue of first impression, and that the Court of Appeals misinterpreted the statutes, ignored the stated purpose of the Legislature, and imputed to the Legislature an unwarranted intent.

¶10. The State further urges that the Court of Appeals erred in finding that the Victim Impact Statement Act, Sections 99-19-151, *et seq.*, Miss. Code Ann. (1972) as amended, restricts the information that a trial court judge may consider in imposing sentence on a convicted criminal defendant. The specific holding was, as follows:

> This Court has serious reservations regarding the propriety of such information in a victim impact statement. It certainly far exceeds the limited purposes for which such statements may be offered as a part of the sentencing process as outlined in the applicable statute. The statute plainly limits the contents of the statement to matters relating to the direct impact of the crime itself on the victim and does not appear to condone the kind of open-ended accusations of other incidents of wrongful conduct by the defendant that are contained in Odom's statement.

2003 WL 22708166, at *3.

¶11. The State argues that the purpose of the victim impact statement is not to provide rights to the convicted criminal. Nor is its purpose to limit the information that victims can provide to the sentencing court. Rather, it is intended to impart rights to the victim. Additionally, the State claims that a reversal of

4

the trial court would have the effect of limiting, rather than expanding, the information that the trial court may properly consider in assessing punishment.

¶12.    The State further notes that the trial judge has broad discretion in sentencing and claims that the decision of the Court of Appeals in conflict with its prior opinions.  As an example, the State cites *Summerall v. State*, 734 So.2d 242 (Miss. Ct. App. 1999), which states:

> "[t]he trial judge here, sitting without a jury, had broad discretion in the things he was able to consider. He may appropriately conduct an inquiry broad in scope, largely unlimited as to the kind of information he may consider, or the source from which it may come." ***Evans v. State***, 547 So.2d 38, 41 (Miss.1989) (citing ***United States v. Barnett***, 587 F.2d 252 (5th Cir.1979)). "The imposition of a sentence is within the discretion of the trial court, and this Court will not review the sentence, if it is within the limits prescribed by statute." ***Reynolds v. State***, 585 So.2d 753, 756 (Miss.1991) (citing ***Reed v. State***, 536 So.2d 1336, 1339 (Miss.1988), ***Boyington v. State***, 389 So.2d 485 (Miss.1980)). "In imposing sentence, the trial court may take into account larger societal concerns, as long as the sentence is particularized to the defendant." ***Reynolds***, 585 So.2d at 756 (citation omitted).

734 So. 2d at 246.

¶13.    The State is correct for reasons it states, and for other reasons.  The use of victim impact statements that have some probative value, measured against the evidence as a whole, and that are not so inflammatory as to prejudice the defendant have been affirmed by this Court.  *See **Edwards v. State***, 737 So. 2d 275 (Miss. 1999).[1]

---

[1]*See also **Payne v. Tennessee**,* 501 U.S. 808, 833, 111 S.Ct. 2597, 2612-13, 115 L.Ed. 2d. 720 (1991) (Scalia, J., concurring) ("[T]he Eighth Amendment permits parity between mitigating and aggravating factors."). Since a victim is not on trial, the victim's character and morality are not on trial. The impact upon a victim's family is not on trial either. What is on trial is the guilt and culpability of the defendant. However, now that victim impact statements are admissible, any similar mitigating evidence should be deemed relevant on the basis of fairness and equal parity. *Id.* at 825.

¶14. In this case, the statement delved into Swindle's history with the victim, including threats made against her and her family by the defendant. Assuming the statute controls the question, we find the statute not as narrow in scope as the Court of Appeals read it.

¶15. The legislative purpose of the victim impact statement statute is, as follows:

(1) The Legislature finds and declares that:

(a) Protection of the public, restitution to the crime victim and the crime victim's family and just punishment for the harm inflicted are primary objectives of the sentencing process;

(b) The financial, emotional and physical effects of a criminal act on the victim and the victim's family are among the essential factors to be considered in the sentencing of the person responsible for the crime;

(c) In order to impose a just sentence, the court must obtain and consider information about the adverse impact of the crime upon the victim and the victim's family as well as information from and about the defendant;

(d) The victim of the crime or a relative of the victim is usually in the best position to provide information to the court about the direct impact of the crime on the victim and the victim's family.

(2) Therefore, the Legislature declares that the purpose of Sections 99-19- 151 through 9-19-161 is to provide the sentencing court with a victim impact statement prior to sentencing a convicted offender who has caused physical, emotional or financial harm to a victim as defined herein.

Miss. Code Ann. § 99-19-153 (Rev. 2000).

¶16. Thus, the statute does not restrict the contents of the victim impact statement to the "financial, emotional and physical" effect of a criminal act on the victim, but instead states that these are *among the essential factors to be considered* in sentencing.

6

¶17.     Furthermore, the statute specifically provides that the primary objectives of the sentencing process are "[p]rotection of the public, restitution to the crime victim and the crime victim's family, and just punishment for the harm inflicted. . . ."

¶18.     Swindle's actions or statements indicate a heightened degree of savagery and capacity to inflict emotional damage on the victim.  Where these actions or statements are related to the crime at issue, they are properly included in the victim's impact statement and properly considered by the judge.  Here, Swindle had a history of threatening to kill Odom and her family, should she ever help send him to jail.  Subsequent to the crime involved here, Odom had to change her phone number because of harassing calls from Swindle and his family.

¶19.     As to Swindle's claim that the victim impact statement was furnished untimely, it is unclear from the present record when Swindle and his attorney were furnished Odom's statement.  Miss. Code Ann. § 99-19-159 (Rev. 2000), requires disclosure of the victim impact statement to the defendant "[a]t least 48 hours prior to the date of the sentencing."

¶20.     Regardless of when it was furnished, Swindle has provided us with no evidence or indication that, had the statement been provided earlier, a different result would have obtained.  Nor does he present us with evidence indicating that the victim impact statement was, in any respect, inaccurate.  Thus, his claim of ineffective assistance of counsel for failure to object to the  victim impact statement is without merit.

> **Whether the trial court improperly relied on evidence of a prior criminal conviction to justify the length of the sentence.**

¶21.     Swindle was not indicted as a habitual offender under Miss. Code Ann. § 99-19-83 which imposes a life imprisonment sentence.  Nevertheless, it is clear that, in sentencing Swindle, the trial judge considered

7

his prior criminal history, which was listed in the presentence report provided to the court on the day of sentencing.

¶22.    Because the record before the Court of Appeals did not include the presentence investigation report, that Court stated:

> Apparently, the trial court obtained a presentence report on Swindle before imposing his sentence. That report is not a part of the record in the matter now before us. It cannot be doubted, however, that the contents of that statement had substantial effect on the trial court's decision to impose what appears on its face to be a rather severe punishment. In the order denying Swindle's post-conviction relief motion, the trial court spoke of Swindle's complaint regarding the severity of his sentence by saying, "[t]hat at the time [of entering his plea] the offender had a record which made him eligible to be sentenced pursuant to Section 99-19-83 to life without parole . . . ."
>
> No other reference to the existence of any such prior criminal record appears in the record. There was no effort to indict Swindle as an habitual offender. In his motion, Swindle asserts that he was actually acquitted of at least one prior crime "by a jury in another state . . . ." It is impossible to assess the accuracy of that allegation by Swindle because of the lack of information as to what alleged prior conviction or convictions the trial court relied upon in its decision to impose such a lengthy sentence on Swindle. Again, we are satisfied that, if the presentence investigation revealed alleged prior convictions that would tend to bear on the length of sentence to be imposed, defense counsel had some obligation to investigate the matter, especially in the circumstance where the defendant himself was protesting that at least one of the alleged convictions did not, in fact, occur.
>
> Until a better record is created that includes evidence of those prior convictions apparently relied upon by the trial court, this Court cannot effectively evaluate the truthfulness of Swindle's allegation that he was, in fact, acquitted of at least one of the relevant crimes that would otherwise have potentially exposed him to the possibility of a life sentence. An effective effort at representation by counsel during the sentencing phase would have ensured that such evidence was in the record for appropriate review.

2003 WL 22708166, at *5.

¶23.    Subsequent to the Court of Appeals decision, the record was supplemented to include the pre-sentence investigation report. It provides that Swindle has two prior felony convictions, a pending charge of possession of paraphernalia, and numerous arrests.

8

¶24.    Specifically, Swindle was convicted in 1986 of simple burglary of a structure, and received a sentence of three years, which was suspended.

¶25.    In 1987, he was convicted of two counts of theft over $100.00, one count of burglary and one count of criminal damage to property, and sentenced to jail on all counts.

¶26.    In 1989, he was arrested and charged with two counts of aggravated rape. No disposition of this charge is listed.

¶27.    In 1990, he was arrested and charged with possession of stolen goods. No disposition of this charge is listed.

¶28.    In 1990, he was arrested in Louisiana as a fugitive from Pearl River County.

¶29.    In 1990, he was arrested in Louisiana and charged with aggravated assault and simple criminal damage. The charge was nolle prossed.

¶30.    In 1991, he was arrested for purse snatching. No disposition is listed.

¶31.    In 1998, he was arrested in Louisiana for simple burglary of an inhabited dwelling, forgery, and illegal possession of stolen property. No disposition is listed.

¶32.    In 1998, he was arrested for possession of stolen goods, speeding and driving with a suspended license. Disposition is not listed.

¶33.    In 2000, he was arrested in Louisiana for simple burglary and theft. No disposition is listed.

¶34.    We find the trial court properly considered Swindle's criminal history, and his counsel's failure to object was not ineffective assistance of counsel.

## CONCLUSION

¶35. Having found no error in the sentencing, we cannot hold that Swindle's counsel was ineffective. Therefore, the judgment of the Court of Appeals is reversed, and the judgment of the trial court is reinstated and affirmed.

¶36. **JUDGMENT OF THE COURT OF APPEALS IS REVERSED, AND THE JUDGMENT OF THE TRIAL COURT IS REINSTATED AND AFFIRMED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., EASLEY, CARLSON AND RANDOLPH, JJ., CONCUR. GRAVES, J., CONCURS IN RESULT ONLY. DIAZ, J., NOT PARTICIPATING.**