943 So.2d 768 (2006)
Andrew NOEL, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CA-01455-COA.
Court of Appeals of Mississippi.
December 5, 2006.
*769 Robert T. Laster, Grenada, B. Leon Johnson, attorneys for appellant.
Office of the Attorney General by Jacob Ray, attorneys for appellee.
Before KING, C.J., CHANDLER and ROBERTS, JJ.
KING, C.J., for the Court.
¶ 1. Andrew Noel appeals the Holmes County Circuit Court's denial of his petition for post-conviction relief. On appeal, Noel contends that he should have the opportunity to withdraw his guilty plea because his decision to enter into the plea was not knowing, intelligent, and voluntary. Alternatively, Noel argues that the trial court should be required to re-sentence him in accordance with the district attorney's recommendation. Finding no error, the Court affirms.

FACTS
¶ 2. Andrew Noel was charged with aggravated assault, rape, and kidnapping. On October 9, 2000, Noel entered into a plea agreement with the district attorney, in which he agreed to plead guilty to the charges of rape and kidnapping in exchange for the dismissal of the aggravated assault charge and a sentence recommendation from the district attorney. The district attorney agreed to recommend that Noel receive a sentence of twelve years  nine years in prison and three years of post-release supervision.
¶ 3. At the hearing on the guilty plea, the trial judge, in accordance with Uniform Circuit and County Court Rule 8.04, questioned Noel regarding the voluntariness of his plea and advised him of the consequences of pleading guilty. The transcript reads, in pertinent part, as follows:
Q: Did you understand this petition as you read it and as your attorney explained it to you?
A: Yes.
Q: Were the answers you provided in this petition true and correct?
A: Yes.
. . . .
Q: Has anyone forced you, coerced you, or intimidated you in any way to get you to enter these pleas?
A: No.
Q: Has anyone promised you anything in the way of a lighter sentence or any hopes or rewards to get you to enter these pleas?
A: No.
. . . .
Q: Do you understand on the rape charge, this Court can give you up to a term of years less than your life?
A: Yes.
Q: And on the kidnapping charge, this Court can give you anywhere from 1 to 30 years?
A: Yes.
Q: This Court is not bound by any recommendations that may be made by the State or by your attorney; do you understand that?
A: Yes.
Q: After having advised you of the constitutional rights that you give up and the facts and circumstances surrounding this charge, do you still wish to enter this plea?
A: Yes.
¶ 4. After hearing the sentencing recommendation from the district attorney and a statement from the victim, the trial court sentenced Noel to twenty-five years on the rape charge and twenty-five years on the kidnapping charge, with the sentences to run concurrently. Noel subsequently filed a petition for post-conviction relief to have *770 his guilty plea withdrawn or in the alternative, to have the trial court re-sentence Noel according to the district attorney's sentencing recommendation. Following a hearing, the trial court denied the motion. This appeal followed.

STANDARD OF REVIEW
¶ 5. The standard of review for a trial court's decision to deny a motion for post-conviction relief is clear. This court will not reverse a trial court's denial of a motion for post-conviction relief absent a finding that the trial court's decision was clearly erroneous. See Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). Additionally, Uniform Circuit and County Court Rule 8.04 states that "it is within the discretion of the court to permit or deny a motion for the withdrawal of a guilty plea." UCCCR 8.04(A)(5). Accordingly, the Court reviews those decisions under an abuse of discretion standard. See id.

ANALYSIS
¶ 6. Constitutional considerations of due process under the Fourteenth Amendment to the United States Constitution and under Mississippi law require that all guilty pleas must be knowing, intelligent, and voluntary. See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); Alexander v. State, 226 So.2d 905 (Miss.1969). To ensure that a criminal defendant understands that by entering a guilty plea he waives certain rights, the law requires the trial court to explain in detail each of the rights waived and the possible consequences of entering a guilty plea. Boykin, 395 U.S. at 243-44, 89 S.Ct. 1709. Uniform Circuit and County Court Rule 8.04 sets forth the specific topics that the trial court must address when advising a defendant of the consequences of a guilty plea. UCCCR 8.04(A)(4).
¶ 7. In this case, the trial court did address each of the topics set forth in Rule 8.04 during the plea colloquy. The trial court advised Noel of the minimum and maximum sentences for each of the charges to which he was pleading guilty. The trial court then specifically asked Noel if he understood that the trial court was not bound by the district attorney's sentencing recommendation. Noel answered all of the trial judge's questions affirmatively.
¶ 8. The trial court also held an evidentiary hearing on Noel's post-conviction motion to withdraw his guilty plea or, in the alternative, for the trial court to sentence him in accordance with the district attorney's sentencing recommendation. During the hearing, the trial court accepted, at Noel's request, the transcript of the plea colloquy as part of the record of the evidentiary hearing. Noel testified regarding his competency and the voluntariness of his plea but offered no other witnesses or testimony in support of his motion. On cross-examination, Noel testified that he understood that the trial court was not bound by a sentencing recommendation and that the decision to follow or not follow a sentencing recommendation rested with the trial court. The trial judge determined that she had advised Noel of her discretion in sentencing and that she had opted, within the boundaries of the law, not to accept the sentencing recommendation. Accordingly, the trial court denied the post-conviction motion.
¶ 9. This Court finds that the trial court complied with the requirements of Uniform Circuit and County Court Rule 8.04(A)(4) in accepting Noel's guilty plea. Specifically, the trial court advised Noel that he waived certain constitutional rights by entering a guilty plea and stated the maximum and minimum penalties for the charges against him. Additionally, the trial *771 court advised Noel that she was not bound by the district attorney's sentencing recommendation and determined that he understood that his sentence was left to her discretion. Accordingly, the trial judge did not abuse her discretion in the manner in which she conducted the hearing on Noel's guilty plea.
¶ 10. This Court also finds that the trial court did not abuse her discretion in denying Noel's motion to withdraw his guilty plea. The trial court conducted a hearing and evaluated Noel's testimony regarding his understanding of the guilty plea and its consequences before denying the motion. The Court can find no evidence that the trial court abused her discretion in refusing to permit Noel to withdraw his guilty plea; therefore, the trial court did not err in denying Noel's motion for post-conviction relief.
¶ 11. THE JUDGMENT OF THE HOLMES COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HOLMES COUNTY.
LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, GRIFFIS, BARNES, AND ISHEE, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY. ROBERTS, J., CONCURS IN RESULT ONLY, WITH SEPARATE WRITTEN OPINION JOINED BY, LEE, P.J., SOUTHWICK, GRIFFIS AND BARNES, JJ.
ROBERTS, J., Concurring.
¶ 12. As a result of Noel's testimony detailing his complete understanding of his plea agreement, to include the fact that the trial court was not bound by the State's recommendation, that the circuit judge was free to sentence him to any sentence within the minimum and maximum allowed by law, and his failure to present any evidence to the contrary, I concur with the majority's judgment to affirm. I write separately to express concern over what I consider to be a flaw in our justice system and to encourage those of the bench to adhere to a higher standard than that codified in URCCC 8.04 for the sake of the defendants they sentence and the integrity of the courts as a whole.
¶ 13. It is important to distinguish between an open or blind plea and a formal plea bargain. The former is simply an admission of guilt by the defendant without the promise of any binding formal sentencing recommendation by the State. Swindle v. State, 881 So.2d 174(¶ 4) (Miss. 2004). Presumably the defendant's own conscience, his need to repent, and his belief that the judge will be intrinsically fair are the factors that convince him to throw himself at the mercy of the court and hope for a sentence deserving of his particular indiscretion. While in the same jungle, a plea bargain is a different animal and driven by different motivations.
¶ 14. Oft stated and widely known, a guilty plea must be voluntarily and intelligently made regardless of its type. URCCC 8.04 A(3). Also, the defendant must be competent to understand the nature of the charge, the consequences flowing from the plea, and those constitutional protections abandoned by pleading guilty. URCCC 8.04 A(4). As opposed to a blind plea, at least part of the allure of a plea bargain is the promised recommendation of the State and expectation of the defendant that the sentencing court will honor that recommendation. This was poignantly shown in the record of the case sub judice. After formal acceptance of the plea, but prior to the trial court announcing her sentence, Noel's attorney implied that it took significant effort to convince Noel to accept the plea bargain as he *772 thought the offered sentence was too harsh. Additionally, Noel testified during his post-conviction relief hearing that while he understood the trial judge was not bound by the State's recommendation, the sole reason he accepted the plea bargain and voluntarily pled guilty was the expectation that the trial court would sentence him in accordance with the recommendation. Obviously a court has full discretion to accept or reject such a recommendation and is in no way bound by it, but the expectation of the defendant is still present and is still an inducement to his plea. To accept his plea of guilty then choose not to follow through with the State's recommendation, which is within the prerogative of the court, seems clandestine in nature and out of place in a court of law. In essence, while all the constitutional "I"s are dotted and "T"s crossed, it amounts to a guilty plea by ambush.
¶ 15. By way of illustration, in order for the plea to be accepted by the trial court the defendant must correctly answer those magic questions located in URCCC 8.04, a fact of which the defendant is undoubtedly advised. So, with the expectation of the State's recommendation ever present, a defendant gladly answers those questions asked by the court concerning the constitutional rights waived by his voluntary plea in what is more times than not just a formality in the eyes of the defendant. Following a finding that his plea was voluntarily and intelligently made, there are times when a trial court decides not to follow the State's recommendation, but to impose a harsher sentence as a result of a voluminous pre-sentencing report, an emotional plea from the victim of the crime, or virtually any other legitimate reason. The state of our current law allows this so long as the defendant was not explicitly induced into pleading guilty in such a way that would conflict with URCCC 8.04, and a sentencing court is normally well within its discretion in doing so. However, the result of such actions not only calls into question the voluntary nature of the plea but also has a cumulative effect of raising a cloud of distrust over the courts that ultimately will hinder future plea bargaining attempts.
¶ 16. One could imply that the above illustration is exactly what occurred at Noel's sentencing hearing. Following the State's recommendation, the victim of Noel's crime implored the court to sentence him to the maximum. In an emotional plea the victim made the following remarks;
VICTIM: Yes, I want to just say that he came into my home unannounced and everything and drug me, beat me, and raped me over and over again, and he said when he got out he was going to kill me. He said he was going to get out. I have a son now, and I do not want to go the rest of my life being scared of this man. (CRYING) I'm trying to go on with my life, and he said he was going to get out and he was going to kill me, and I do not want to go through this.
COURT: Okay. Anything else?
VICTIM: And I have these scars on me for the rest of my life. I still have every cut, every bite mark, everything all on me right now.
COURT: How did you get these cuts?
VICTIM: Where he cut me with a razor or something, here in my chest, and I have bite marks and scrapes and everything, and I have the pictures here now if you will.
(COURT EXAMINES PHOTOGRAPHS)
COURT: Anything further?
VICTIM: I just honestly believe he should serve the max.
*773 Noel's attorney attempted to explain that Noel's problems stemmed from a failure by Noel to take a particular medication and that the recommendation of the State was proper given Noel's age and the fact that some of problems Noel exhibits, and that led to the kidnaping and rape, are sufficiently controlled by the medication. However, with no other obvious indications of the trial court's motivations to ignore the State's recommendation, the victim's heartfelt plea would seem to have won the day. While the trial judge can hardly be said to have abused her discretion in factoring in the victim's description of such a heinous crime and the effects of it upon here overall well-being, I contend that the court's better course of action should have included informing Noel of her intentions and allowing him to then withdraw his plea if he so chose.
¶ 17. I do not mean to imply that judges must comply with the State's recommendation, or simply act as a "rubber stamp" in the sentencing process. My purpose in writing separately is to urge sentencing judges to be forthright and unambiguous concerning their intentions. If a trial court does not intend to follow the sentencing recommendation of a plea bargain, be it at the time of the guilty plea, at the conclusion of a sentencing hearing, or some time in between, justice requires the court to inform the defendant that the court intends to sentence him either more or less harshly than recommended by the State and to afford the defendant the opportunity to withdraw the guilty plea that was in part, if not wholly, induced by the expectation of a specific sentence. To that end I would urge judges to entertain only two specific types of guilty pleas. The first are pleas motivated by plea bargains and the second are true open or blind pleas. Concerning the former, if a trial judge does not intend to sentence the defendant in accordance with the recommendation accompanying the plea bargain, the judge should advise the defendant of such intentions prior to accepting a guilty plea, or if already accepted, afford the defendant an opportunity to withdraw the guilty plea if they so chose. When confronted with the latter of the two pleas the court need only ensure that the defendant clearly and unequivocally understands that the prosecution is making no recommendation and that the defendant is at the mercy of the court. Never should the two be mixed, as would seem to have occurred in the present case.
¶ 18. These procedural protections I propose are not unique. Many of our sister states and our federal counterpart have realized the fundamentally unfair position in which a defendant is placed when his "voluntary plea" is more in the form of a knowledgeable gamble and have rethought their positions on this issue. See Fed. R.Crim. Proc. 11(c); Cook v. State, 36 P.3d 710, 715 (Alaska Ct.App.2001); Cal.Penal Code § 1192.5 (2006); State v. Littlejohn, 199 Conn. 631, 508 A.2d 1376, 1383 (1986); Orleman v. State, 527 So.2d 303, 304 (Fla. Dist.Ct.App.1988); Fuller v. State, 159 Ga. App. 512, 284 S.E.2d 29, 30 (1981); State v. Barker, 476 N.W.2d 624, 626 (Iowa Ct. App.1991); Kennedy v. Commonwealth, 962 S.W.2d 880, 882 (Ky.Ct.App.1997); State v. Manchester, 545 So.2d 528, 529-530 (La.1989); People v. Killebrew, 416 Mich. 189, 330 N.W.2d 834, 842-843 (1982); Hattemar v. State, 654 S.W.2d 652, 653 (Mo.Ct.App.1983); State v. Marzolf, 79 N.J. 167, 398 A.2d 849, 860 (1979); Eller v. State, 92 N.M. 52, 582 P.2d 824, 826 (1978); Tex.Code Crim. Proc. art. 26.13 (2006). For example, the federal rule, which many state rules are patterned after, states, in part:
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in *774 Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated.
Withdrawing a Guilty or Nolo Contendere Plea. (d) A defendant may withdraw a plea of guilty or nolo contendere:
(1) before the court accepts the plea, for any reason or no reason; or
(2) after the court accepts the plea, but before it imposes sentence if:
(A) the court rejects a plea agreement under Rule 11(c)(5); or
(B) the defendant can show a fair and just reason for requesting the withdrawal.
Fed. R.Crim. Proc. 11(c)(5). Therefore, while I concur in the result reached today, I once again encourage circuit judges to follow the lead of those jurisdictions cited above.
LEE, P.J., SOUTHWICK, GRIFFIS AND BARNES, JJ., JOIN THIS OPINION.