MYERS, P.J.,
 

 for the Court.
 

 ¶ 1. George W. Martin appeals the Tate County Circuit Court’s dismissal of his motion for post-conviction relief, asserting numerous errors. Finding no error, we affirm.
 

 FACTS
 

 ¶ 2. Martin was indicted along with another individual for conspiracy, burglary of an occupied dwelling, and larceny in July 2005. Martin was noticed of the State’s intent to have him sentenced as a habitual offender under Mississippi Code Annotated section 99-19-83 (Rev.2007). He was also indicted for being a felon in possession of a firearm, likewise subjecting him to sentencing as a habitual offender.
 

 ¶ 3. The indictment was subsequently amended as part of a plea negotiation to provide for sentencing without status as a habitual offender. On June 19, 2006, Martin entered an open plea of guilty to a charge of burglary, but not as a habitual offender. The other charges were retired to the file. On September 22, 2006, the circuit court held a sentencing hearing, ultimately sentencing Martin to a term of twenty-five years’ imprisonment in the custody of the Mississippi Department of Corrections (MDOC).
 

 ¶ 4. During the course of the sentencing hearing, the State offered the circuit court a copy of a victim impact statement. The prosecutor also stated that she had provided a copy to Martin’s attorney, but she did not state when she did so. The State also provided the court with documentation from the MDOC concerning Martin’s prior convictions. These included kidnapping, attempted rape, and burglary of an automobile.
 

 ¶ 5. Martin’s attorney asked for a lenient sentence. Martin then made a statement to the court that: what he had done was “stupid”; he was ashamed and remorseful; and he had since married and was raising two small children.
 

 ¶ 6. The State argued that Martin had been released from the MDOC in October 2004, and that by January 2005, he had committed the felony in the case at bar. The prosecutor also related some of Martin’s actions and offered her belief that he deserved the maximum sentence.
 

 ¶ 7. Noting the emotional trauma suffered by the victim and Martin’s prior convictions, the circuit court imposed the
 
 *736
 
 maximum sentence of twenty-five years’ imprisonment.
 

 ¶ 8. No appeal was taken from the judgment of sentence; however, on March 21, 2008, Martin filed the instant motion for post-conviction relief, alleging numerous grounds for relief. The circuit court dismissed Martin’s motion without an eviden-tiary hearing, and Martin appeals to this Court.
 

 STANDARD OF REVIEW
 

 ¶ 9. This Court reviews the dismissal of a post-conviction relief motion for an abuse of discretion.
 
 Willis v. State,
 
 904 So.2d 200, 201 (¶ 3) (Miss.Ct.App.2005). Questions of law, however, are reviewed de novo.
 
 Ruff v. State,
 
 910 So.2d 1160, 1161 (¶ 7) (Miss.Ct.App.2005).
 

 DISCUSSION
 

 ¶ 10. Martin alleges ten distinct assignments of error, which we have condensed into the following issues.
 

 1. Sentencing; Victim Impact Statement
 

 ¶ 11. Martin argues that the circuit court committed numerous errors in sentencing, particularly that the court erred in admitting and considering the victim impact statement, which Martin alleges was both untimely and inaccurate. Martin also argues that the circuit court erred in considering his prior felonies and in allowing the State to argue for the maximum sentence after agreeing to an “open plea.”
 

 ¶ 12. We find that these issues are not properly before the Court, as they could have been raised on direct appeal. As we stated in
 
 Swindle v. State,
 
 881 So.2d 281, 284(¶ 8) (Miss.Ct.App.2003),
 
 rev’d on other grounds,
 
 881 So.2d 174 (Miss.2004):
 

 The law is clear that, even when a defendant pleads guilty to the crime itself, if he is aggrieved as to the sentence imposed by the trial court for any reason cognizable under the law, the defendant is entitled to have the sentence reviewed by a direct appeal. All of the complaints raised by [the petitioner] directly relating to the manner in which he was sentenced existed immediately at the conclusion of the sentencing hearing and were, thus, appropriate matters for a direct appeal. The Mississippi Uniform Post-Conviction Collateral Relief Act specifically provides that direct appeal shall be the principal means of reviewing all criminal convictions
 
 and sentences,
 
 and the purpose of this chapter is to provide prisoners with a procedure, limited in nature, to review those objections, defenses, claims, questions, issues or errors which in practical reality could not be or should not have been raised at trial or
 
 on direct appeal.
 

 (Internal citation omitted).
 

 ¶ 13. Furthermore, the issues of the admission and use of the victim impact statement and the State’s sentencing recommendation are subject to an additional procedural bar because Martin’s attorney failed to make any contemporaneous objections during the sentencing hearing.
 
 [1]
 
 Also, notwithstanding the bar, Martin’s assertion that the circuit court erred in considering his prior convictions is without merit. Martin has failed to produce any evidence that the circuit court wrongly relied on his prior convictions, and his assertion that the circuit court erroneously considered charges retired to the file as
 
 *737
 
 convictions is simply unsupported by the record.
 
 [2]
 
 This issue is without merit.
 

 2. Ineffective Assistance of Counsel
 

 ¶ 14. Martin argues that his defense counsel rendered constitutionally ineffective assistance in a number of respects. We shall address each.
 

 ¶ 15. “In order to prevail on the issue of whether his defense counsel’s performance was ineffective, [the petitioner] must prove that his counsel’s performance was deficient and that he was prejudiced by counsel’s mistakes.”
 
 Kinney v. State,
 
 737 So.2d 1038, 1041 (¶ 8) (Miss.Ct.App. 1999) (citing
 
 Strickland v. Washington,
 
 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). “There is a strong but rebuttable presumption that counsel’s conduct fell within the wide range of reasonable professional assistance.”
 
 Id.
 
 (citing
 
 Moody v. State,
 
 644 So.2d 451, 456 (Miss.1994)). Additionally, a petitioner is required to “allege both prongs of the above test with specific detail.”
 
 Coleman v. State,
 
 979 So.2d 731, 735 (¶ 15) (Miss.Ct. App.2008) (citing
 
 Brooks v. State,
 
 573 So.2d 1350, 1354 (Miss.1990)).
 

 A. Investigation of Martin’s Background; Character Witnesses
 

 ¶ 16. Martin argues that his defense counsel failed to investigate his background or call character witnesses at his sentencing hearing. While the record reflects that defense counsel called no witnesses at the sentencing hearing other than Martin himself, Martin failed to include any supporting affidavits in his motion for post-conviction relief.
 
 [3]
 
 The supreme court has stated that, in cases involving post-conviction relief, “where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit.”
 
 Vielee v. State,
 
 653 So.2d 920, 922 (Miss.1995). Nothing in the record rebuts the presumption that Martin’s attorney’s decision not to call witnesses was sound trial strategy. This issue is without merit.
 

 B. Failure to Object to Victim Impact Statement
 

 ¶ 17. Martin argues that his counsel was ineffective in failing to object to the trial court’s consideration of a victim impact statement. Martin makes two arguments here; he asserts that the statement was furnished untimely and that it
 
 *738
 
 inaccurately stated the facts of the incident.
 

 ¶ 18. On our review of the record, however, there is no evidence that the statement was not furnished to Martin and his attorney in a timely fashion as required by Mississippi Code Annotated section 99-19-159(1) (Rev.2007). Martin simply asserts that it was not furnished; he does not offer any evidence supporting his conclusion. The only reference in the record to when the statement was furnished is a representation by the State that the prosecutor had provided a copy to Martin’s attorney.
 

 ¶ 19. Furthermore, Martin has produced no evidence that, had the statement been provided earlier, a different result would have been obtained. Likewise, he has presented no evidence that the statement was inaccurate, other than his own assertions.'
 
 [4]
 
 This issue is without merit.
 

 C. Failure to Object to State’s Argument for the Maximum Sentence
 

 ¶ 20. Finally, Martin argues that his defense counsel was ineffective in failing to object to the State’s argument at the sentencing hearing that he should receive the maximum sentence. Martin asserts that the prosecutor had agreed to an “open plea,” where the State would offer no recommendation as to Martin’s sentence. This, however, confuses the meaning; an open plea is one where the State has not agreed to formally recommend a sentence.
 
 See Noel v. State,
 
 943 So.2d 768, 771 (¶ 13) (Miss.Ct.App.2006) (Roberts, J., concurring) (“[An open plea] is simply an admission of guilt by the defendant without the promise of any binding formal sentencing recommendation by the State.”). An open plea agreement does not preclude the State from subsequently arguing for a strict sentence.
 

 ¶ 21. Martin has presented no evidence that there was any agreement that the State would not argue for the maximum sentence. Instead, it appears from the record that Martin’s attorney negotiated an agreement whereby Martin, indicted for four felonies as a habitual offender, would plead guilty to a single count, not as a habitual offender, and the sentence would be submitted to the court without an agreed recommendation. This is exactly what Martin received. This issue is without merit.
 

 3. Prosecutorial Misconduct
 

 ¶ 22. Martin makes numerous arguments alleging prosecutorial misconduct, which he asserts violated Rule 3.8 of the Mississippi Rules of Professional Conduct, as well as the due process clauses of the United States and Mississippi constitutions.
 

 ¶ 23. Martin argues that the prosecutor breached the open plea agreement by recommending the maximum sentence and failed to timely disclose the victim impact statement. For the reasons we have already stated, these arguments are without merit. He also argues that the victim impact statement was signed, but not notarized; however, he cites no authority requiring victim impact statements to be sworn to. This issue is without merit.
 

 
 *739
 
 ¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF TATE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . Notwithstanding the procedural bar, we find these issues without merit, as we shall explain in our analysis of Martin's assertion of ineffective assistance of counsel.
 

 [2]
 

 . Martin cites to the circuit court's statement at sentencing: “This is at least four felonies we know of.” The circuit court then contrasted that with Martin's co-defendant, who the court observed “d[id not] have quite the track record that Mr. Martin [had].” Although the document is not part of the record, at the sentencing hearing the State offered an exhibit detailing Martin's criminal past. The prosecutor also stated, “Your Honor, I believe you'll find that Mr. Martin has been previously convicted of kidnaping, attempted rape, and burglary of an automobile.” In his post-conviction relief motion, Martin does not expressly deny these convictions, and he has produced no evidence that the prosecutor's statement was false. Martin simply asserts that the "four felonies” the circuit court considered were the four felonies he was originally indicted on in the instant case, which Martin argues the court mistook for convictions.
 

 [3]
 

 . Martin did, however, include a list of persons he wished to subpoena for an evidentiary hearing on his petition, but he did not state specifically what each person would testify to. Additionally, Martin attached unsworn statements from his mother, father, and a police officer to his brief on appeal. These statements represent that each person would have testified at the sentencing hearing to Martin’s character, had they been called. In his motion, Martin states that they would "verify that his character was upstanding and productive” and testify that Martin "held steady employment, had married with two small children, and had put himself in harms [sic] way” to assist police officers.
 

 [4]
 

 . Marlin argues that the typed victim impact statement conflicted with the victim's prior handwritten statement and the description of the incident in the police report. In his motion in the circuit court, he did not state specifically what was the conflict between the statements; on appeal, he argues that the victim was inconsistent in describing her itinerary prior to returning home and encountering Martin and his co-defendant. He also argues that the detail of the victim's observations is inconsistent with her account that she ducked after Marlin trained a pistol on her as he fled.