ISHEE, J„
for the Court:
¶ 1. In July 2006, George W. Martin pleaded guilty in the Tate County Circuit Court to burglary and was subsequently sentenced to twenty-five years in the custody of the Mississippi Department of Corrections (MDOC). No direct appeal was taken from the judgment of sentence. However, in March 2008, Martin filed a motion for post-conviction relief (PCR), which the circuit court denied. Martin appealed the denial, and this Court affirmed the circuit court’s judgment. Martin then filed a motion for reconsideration with this Court that was also denied. Thereafter, Martin filed another PCR motion with the circuit court. The circuit court denied that motion as well. Martin appealed the circuit court’s second denial of his PCR motion in March 2011. His second appeal was also denied by this Court. The issue before us now centers on Martin’s third PCR motion that he filed with the circuit court in June 2010 and was promptly denied by the circuit court. Aggrieved, Martin appeals the circuit court’s denial of his third PCR motion. Finding no error, we affirm the circuit court’s judgment.
STATEMENT OF FACTS
¶ 2. In July 2005, Martin was indicted for conspiracy, burglary of an occupied dwelling, and larceny. He was also indicted for possession of a firearm as a convicted felon, and the State moved to prosecute him as a habitual offender. Due to a plea negotiation, Martin’s indictment was amended to include only the charge of burglary, to which Martin pleaded guilty on June 19, 2006.
¶ 3. Approximately three months later, the circuit court held a sentencing hearing. The State offered the circuit court a copy of a victim-impact statement outlining the emotional trauma suffered by the victim of the burglary. The State also provided the circuit court with a list of Martin’s prior convictions, including kidnaping, attempted rape, and burglary of an automobile. The circuit court subsequently sentenced Martin to twenty-five years in the custody of the MDOC.
¶ 4. Martin did not file a direct appeal. However, since his sentencing, he has filed three PCR motions with the circuit court; all of the PCR motions have been denied. Martin’s first PCR motion was filed on March 21, 2008, and was denied by the circuit court shortly thereafter, which we later affirmed in Martin v. State, 20 So.3d 734 (Miss.Ct.App.2009). Martin filed a second PCR motion on July 27, 2009, which was also denied by the circuit court. Martin’s appeal of the circuit court’s second denial of his PCR motion was filed in March 2011. We affirmed the circuit court’s second denial in June 2011. Martin v. State, 65 So.3d 882 (Miss.Ct.App.2011). Martin’s third PCR motion was filed on June 10, 2010. As in Martin’s other two PCR motions, he asserted due-process violations regarding his indictment. The circuit court denied Martin’s third PCR motion on June 16, 2010. Aggrieved, Martin appeals. Finding no error, we affirm.
*555 DISCUSSION
¶ 5. Mississippi Code Annotated section 99-39-5 (Supp.2011) governs motions for post-conviction relief. The statute provides that a prisoner has three years within which to request post-conviction relief. After that time, only certain cases are excepted from the procedural bar. Exceptions to the three-year statute of limitations are as follows:
That there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of [the movant’s] conviction or sentence or that [the mov-ant] has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence; or [t]hat, even if the petitioner pled guilty or nolo contendere, or confessed or admitted to a crime, there exists biological evidence not tested, or, if previously tested, that can be subjected to additional DNA testing that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the [movant] would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution. Likewise excepted are those cases in which the [movant] claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.
Miss. Code Ann. § 99-39-5(2)(a)-(b).
¶ 6. Here, Martin pleaded guilty in July 2006 and was sentenced in September 2006. Martin’s third PCR motion was filed in June 2010 — approximately four years after his conviction and sentence. As noted by the circuit court, Martin provides no evidence to support a theory that his case should be exempted from the three-year statutory bar. As such, Martin’s third PCR motion is time-barred.
¶ 7. Furthermore, Martin’s assertions in his third PCR motion mirror those of his last two PCR motions. Martin argues that his due-process rights were violated because his indictment did not “specify the specific crime Martin ... intended to commit.” Martin’s indictment charged him with “conspiracy to commit burglary of a dwelling.” This argument was reviewed and addressed by the circuit court in 2008. The circuit court denied Martin’s PCR motion, which this Court affirmed in Martin v. State, 20 So.3d 734 (Miss.Ct.App.2009).
¶ 8. Mississippi Code Annotated section 99-39-23(6) (Supp.2011) applies to successive writs and provides that an issue raised by a prisoner and addressed in a final judgment with specific findings of facts and conclusions of law cannot be raised by the movant again. Any motion filed after entry of the final judgment and asserting the same issue is procedurally barred as a secondary or successive writ. Accordingly, because this issue was raised in one of Martin’s prior PCR motions and fully adjudicated by both the circuit court and this Court, the instant PCR motion is barred as a successive writ. We find all of Martin’s issues are procedurally barred.
¶ 9. THE JUDGMENT OF THE TATE COUNTY CIRCUIT COURT DENYING THE MOTION POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TATE COUNTY.
*556 LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.